Dennis Michael CASH, a minor by his Mother and next friend Lorraine Cash, Plaintiff,

v.

Edward V. HOCH, individually and as Superintendent of River Valley District Schools, Kenneth Radtke, individually and as Principal of the Spring Green Junior High School, a subdivision of the River Valley District Schools, Nordeen Gilbertson, individually and as President of the Board of Education for the River Valley District Schools, Kenneth Hottman, individually and as Clerk of the Board of Education of the River Valley District Schools, Myron Moore, individually and as Treasurer of the Board of Education of the River Valley District Schools, Helen Martin, Roy Anding, Vince Limmex, John Roberts, Terry Richard and Harold Peck, each individually and each a member of the Board of Education of the River Valley District Schools, Defendants.

No. 69–C–309.

United States District Court
W. D. Wisconsin.

Jan. 6, 1970.

Burke F. Flick, Madison, Wis., for plaintiff.

John N. Kramer, Fennimore, Wis., for defendants.

OPINION AND TEMPORARY RESTRAINING ORDER

JAMES E. DOYLE, District Judge.

This is an action for declaratory and injunctive relief. The verified com-

plaint herein alleges that plaintiff Dennis Michael Cash is a 15 year old student enrolled in a public junior high school in Spring Green, Wisconsin; that the defendant members of the board of education have adopted a "dress code" for the 1969–1970 school year; that this dress code affects plaintiff; and that the pertinent part of the dress code as to male students, reads as follows:

"Sideburns are to be no longer than the bottom of the ear. Bangs are to be no longer than the top of the eyebrow. Hair must be neat, clean, trimmed on the sides and the back, and not reach the collar in the back."

The complaint further alleges that one penalty defendants can impose is to detain a violating student from his classes, confine him to the school principal's office, and count such detention from class as an unexcused absence.

On the basis of the complaint herein and the evidence received at the hearing on a motion for a temporary restraining order, and only for the purpose of ruling upon said motion, I find that plaintiff has failed to conform to the haircut regulation from time to time during the fall semester of the present school year, and is presently failing to conform, because he wears his hair long; that plaintiff has been detained for substantial periods of time from attending his classes and has been confined to the principal's office; that plaintiff's scholastic standing has suffered as a result of his being unable to attend classes; that it is difficult for a high school student, even if given an opportunity to do so, to make up his school work after separation from classes for substantial periods of time; and that defendants have imposed the above-enumerated sanctions on plaintiff solely because plaintiff has failed to wear his hair in conformity with the regulation.

Plaintiff has moved for a temporary restraining order enjoining defendants from continuing to enforce the haircut regulation; plaintiff also seeks permanent injunctive relief against enforcement of the haircut regulation, as well as a judgment that the haircut regulation "be declared null and void." Defendants' enforcement of the haircut regulation is alleged to be unconstitutional under the First and Fourteenth Amendments to the United States Constitution. No jurisdictional basis is alleged, but jurisdiction can properly be invoked under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3).

For the purpose of acting upon this motion for a temporary restraining order, I conclude that plaintiff has shown a probable chance of ultimate success in proving that the sanctions have been imposed solely because he has refused to cut his hair to comply with the haircut regulation. I find that plaintiff will be irreparably harmed if defendants are not now restrained from refusing to let plaintiff attend his classes or from imposing other discipline or sanctions on plaintiff solely because he wears long hair. Plaintiff's detention from classes clearly causes him to lose permanently opportunities which arise from participation in classroom activities.

The question is what effect is to be given the evidence adduced by defendants in opposition to the motion for a temporary restraining order.

The defendant superintendent testified that in his opinion students who are more neatly dressed and groomed are better behaved; that long hair constitutes a health problem if it is not kept clean; that it is dangerous for students with long hair to participate in physical education classes; and that in his opinion the defiance of the regulation by some male students by wearing long hair is a disruptive influence on other students.

The defendant principal testified that in his opinion the wearing of long hair by male students is harmful to the maintenance of school discipline; and that potential health problems justify the regulation of hair length for students.

A teacher (who is also an athletic coach) testified that wearing long hair

is a hazard for students in sports and physical education because it may impair vision; that wearing long hair is a threat to the personal safety of students doing certain classroom laboratory work; and that the Wisconsin Interscholastic Athletic Association, by some regulation, has authorized restrictions upon the length of hair worn by males engaging in wrestling.

The regulation of fundamental constitutional rights does not enjoy the presumption of constitutionality enjoyed by other regulations pursuant to a state's exercise of its police power. As said by Mr. Justice Goldberg, concurring in Griswold v. Connecticut, 381 U.S. 479, 497, 85 S.Ct. 1678, 1689, 14 L.Ed.2d 510 (1965): "The law must be shown 'necessary, and not merely rationally related, to the accomplishment of a permissible state policy.'"

In a case involving a grooming code of a public high school the Court of Appeals for the Seventh Circuit has recently stated:

"The right to wear one's hair at any length or in any desired manner is an ingredient of personal freedom protected by the United States Constitution.

"* * * To limit or curtail this or any other fundamental right, the state has a 'substantial burden of justification.' Griswold v. Connecticut, 381 U.S. [479] at 505, 85 S.Ct. 1678 [4 L.Ed.2d 510 (1965)]." Breen v. Kahl, 7th Cir. (1969), 419 F.2d 1034.

I conclude that as yet defendants have not met the "substantial burden of justification" required to sustain their effort to limit or curtail the fundamental right of this plaintiff. Whether defendants will succeed in meeting this substantial burden at a subsequent stage of this action remains to be seen.

Defendants have cited no specific occasion upon which the length of plaintiff's hair, or the length of the hair of other students, has caused disruption or distraction among fellow students. It is contended that disruption is caused by the very fact of disobedience to a school rule, whatever the content of the rule may be. If so, this consideration lends no support to the necessity for, or the rationality of, the rule itself. If the rule itself is unnecessary, those who promulgate it must accept the consequences of its violation.

With respect to the health factor involved in wearing long hair, which apparently is believed to be related to cleanliness, defendants have offered no rational basis for distinction between males and females. The same observation is applicable to the safety factor in such activities as physical education, drivers' education, and laboratory work in the physical sciences. To the extent that the length of the hair of a student, whether male or female, may tend to interfere with the student's use of a power saw, a Bunsen burner, an automobile, or a volleyball, the means required to avoid the interference must be means other than those which restrict a fundamental right protected by the Constitution, if such alternative means are available. They are obviously available, both for males and for females.

For the reasons stated above and on the basis of the entire record herein, defendants, their agents, assistants, successors, employees, attorneys and all persons acting in concert or co-operation with them or at their direction, are restrained and enjoined until further order of the court from refusing to let plaintiff attend his classes or from imposing other discipline or sanctions on plaintiff solely because plaintiff wears his hair in violation of the haircut regulation promulgated by defendants.